UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT W. JOHNSON,<br>　　　Plaintiff(s),<br>v.<br>COMMONWEALTH HOSPITALITY LLC,<br>　　　Defendant(s). | Case No. 2:24-cv-00590-RFB-NJK<br><br>**TRANSFER ORDER** |

Plaintiff's complaint arises out of allegations that he was injured while working in Canton, Ohio, Docket No. 1-1 at 5, and that his subsequent claim for insurance benefits was denied in Ohio, *id.*[1] Plaintiff himself resides in New York. *See id.* at 2.

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

Nevada is not a proper venue. First, Defendant does not reside in Nevada. Second, the complaint provides no connection to this District with respect to the events alleged. Instead, the

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

allegations are centered in the Northern District of Ohio.² Hence, none of the statutory provisions renders this District a proper venue for this case.

Accordingly, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the Northern District of Ohio and that this case be closed.³

IT IS SO ORDERED.

Dated: April 10, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

² One assumes Plaintiff brought suit here because he is subject to a vexatious litigant order in the Northern District of Ohio. *See, e.g.*, *Johnson v. Sullivan*, Case No. 3:22-cv-1921-JRK, Docket No. 8 (N.D. Ohio Jan. 19, 2023) (addressing efforts to circumvent the vexatious litigant order in that District by filing cases in other districts, and imposing requirements on Mr. Johnson for cases transferred into that District that he had initiated elsewhere). Quite plainly, a plaintiff is not permitted to bring suit in a distant district as a means to avoid a vexatious litigant order. *See, e.g.*, *Greene v. Logisticare Sols., LLC*, 2015 WL 4162511, at *2 (D. Nev. July 8, 2015).

³ An order transferring a case to another federal venue is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See in re U.S. Dept. of Ed.*, 25 F.4th 692, 698-99 (9th Cir. 2022).